UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARL KINCAID, <br><br>            Plaintiff, <br>   v. <br> WASHOE COUNTY, et al., <br><br>            Defendants. | Case No. 3:12-cv-00482-MMD-WGC <br><br> ORDER <br><br> (Plaintiff's Motion for Partial Summary Judgment – dkt. no. 12) |

## I.    SUMMARY

Before the Court is Plaintiff Carl Kincaid's Motion for Partial Summary Judgment. (dkt. no. 12.) For the reasons set forth below, the Motion is denied.

## II.   BACKGROUND

Plaintiff Carl Kinkaid was an employee of the Washoe County Sheriff's Office for approximately twelve years. (dkt. no. 1 ¶ 3.) He has been discharged on two occasions. On the first, Plaintiff was allegedly terminated for wearing an unauthorized sweatshirt and for having four previous, unrelated write-ups on his record. (*Id.* ¶ 5.) After this termination, Plaintiff appealed the decision in an arbitration proceeding. The arbiter determined that Plaintiff's termination was unjustified and ordered his reinstatement with full back-pay and benefits. (*Id.* ¶ 6.) Additionally, the arbiter found that the Sheriff's Office could not use unrelated write-ups to support termination and that other officers who had

worn non-uniform apparel had not been disciplined. (*Id.*) Plaintiff alleges that his termination was based on his extreme weight gain and obesity. (*Id.* ¶ 8.)

Plaintiff worked in detention facilities for approximately eighteen months following his reinstatement. (*Id.* ¶ 10.) In June 2012, Plaintiff was terminated for the second time. The alleged reason for his termination was that Plaintiff had failed to complete his cell checks, he had been dishonest about this error, and he had been disciplined in the past. (*Id.* ¶ 12.) Plaintiff admits that he failed to complete his cell checks but stated he was not dishonest about this failure. (*Id.*) He also stated that other officers who had not completed cell checks were not fired. (*Id.* ¶ 14.) Prior to his termination, Plaintiff claims that he received an above-standard performance appraisal. (*Id.* ¶ 13.) He alleges that his second termination was in retaliation for the fact that he sought arbitration following his first termination. (*Id.* ¶¶ 16, 21.)

Plaintiff seeks a determination from this Court that, as a matter of law, his second termination was unjustified and that "Defendant cannot maintain that it would have made the same decision absent Plaintiff's protected activity." (dkt. no. 12 at 4.) In support of such a finding, Plaintiff states, for the first time, that he sought arbitration following his June 2012 termination and that, on April 16, 2013, the arbitrator ruled that the termination was "not supported by a just cause." (dkt. no. 12 at 1–2.) The arbiter's decision is attached to Plaintiff's Motion as Exhibit 1. (*See* dkt. no. 12-1.)

III.    **LEGAL STANDARD**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit

under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

/ / /

/ / /

## IV. DISCUSSION

Plaintiff seeks "offensive application of the doctrine of issue preclusion" in order to preclude Defendant from arguing that Plaintiff's June 2012 termination was justified. (dkt. no. 16 at 1–2.) Issue preclusion only applies if the following factors are established: "(1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; ... (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation; and (4) the issue was actually and necessarily litigated." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) (quotations omitted). While it is not clear to the Court that Plaintiff has established that the arbitration presents identical issues as those raised in this case in satisfaction of factor one, particularly given that the arbitration did not address retaliation, the Court need not reach this question as Plaintiff has failed to demonstrate that the arbiter's ruling is final.

In their Response to Plaintiff's Motion, Defendants state that they have appealed the arbitrator's decision. (*See* dkt. no. 13 at 6.) On May 15, 2013, Defendants filed an appeal, titled "NRS 38.241 Application and Motion to Vacate Arbitration Award," with the Second Judicial District Court of the State of Nevada on May 15, 2013. (*See* dkt. no. 13-2.) The Second Judicial District Court, pursuant to N.R.S. § 38.241, has the authority to vacate an award made in an arbitral proceeding under certain circumstances upon motion to the court. Given Defendants' pending appeal of the arbiter's decision,[1] Plaintiff cannot satisfy the requirement that the ruling is final. The Court, therefore, declines at this time to find that the arbiter's decision has preclusive effect.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

---

[1] Neither party has indicated that the appeal has been resolved.

determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Plaintiff's Motion for Partial Summary Judgment (dkt. no. 12) is denied.

DATED THIS 6th day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE